(No. 42239.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES B. SMITH, Appellant.

*Opinion filed March 24, 1970.*

Ward, J., took no part.

John W. Stack, of Chicago, appointed by the court, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Elmer C. Kissane and Joseph Romano, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Underwood delivered the opinion of the court:

Defendant, James B. Smith, was convicted in a 1963 Cook County circuit court bench trial of taking indecent liberties with a child. In 1967, he filed a petition *pro se* under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, pars. 122—1 et seq.), claiming incompetency of the assistant public defender who served as court-appointed trial counsel. Private counsel was appointed for the post-conviction proceedings, and the amended petition alleged that the trial counsel was incompetent in failing to utilize a known and available alibi witness. The witness's affidavit supporting the alibi was attached to the petition. The State's motion to dismiss the amended petition was sustained, and defendant appeals on the grounds that the hearing court erred in the analytical process utilized in reaching its determination, and that the determination was manifestly erroneous.

At trial, the complaining witness identified Smith as her assailant; Smith denied guilt, claiming he had been at home

with his 5-year-old son and teenage stepson during the entire day in question. The stepson was present at the commencement of the trial, but was not present when the State sought to call him in rebuttal of Smith's alibi defense. The defense objected to a request for a continuance to allow the stepson to testify, and the court sustained the objection. In contrast to the affidavit of the stepson, the State offered the affidavit of an investigating police officer and that of defendant's original trial counsel; each stated that the stepson had told them Smith had left home for a substantial period of time on the day of the assault.

The judge at the hearing on Smith's petition was not the judge in his bench trial. Smith claims that the dismissal of his petition was prompted by the hearing judge's conclusion that an alibi witness would not have altered the trial judge's opinion of Smith's guilt. This notion is advanced in regard to the hearing judge's comments, generally, to the effect that the trial judge may have refused the State's motion for a continuance because of a feeling there was no need for further prosecution evidence to rebut Smith's alibi. It was in this context that the hearing judge made such statements as "* * * the Court, I would say, felt that it wouldn't make any difference to him if the stepson came in and testified the way they [the State] wanted him or felt he would testify * * *." The hearing judge acknowledged, in response to a direct question by counsel, that the basis for his ruling was the belief that the trial judge's determination, based on substantial circumstantial evidence as well as the victim's identification, would not have been altered by the testimony of the stepson. This belief was furthered by consideration of the affidavits of the trial counsel and the investigating officer, as well as a review of the trial record, and prompted the hearing judge to rule, in effect, that trial counsel's decision not to call the stepson to testify was a legitimate and reasonable matter of trial strategy, rather than evidence of incompe-

tence. Notwithstanding defendant's inferences to the contrary, the hearing court's statements do not evidence a conclusion that no amount of alibi testimony could possibly have altered the verdict at trial. The narrow issue on which the hearing judge necessarily ruled was the question of trial counsel's incompetence in deciding not to call the stepson to testify.

While it would not have been improper for the post-conviction judge to have required oral testimony at the hearing upon defendant's amended petition, we cannot say that such action was essential. The governing statute (Ill. Rev. Stat. 1967, ch. 38, par. 122—6) specifically provides that the court "may receive proof by affidavits." The affidavits of the investigating officer and defendant's trial counsel clearly establish that the reason trial counsel did not call the stepson, and opposed the State's request for a continuance to enable it to do so, was not the result of any incompetence on the part of counsel.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.