(No. 42044.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ALLEN HUMPHREY, Appellant.

*Opinion filed September 22, 1970.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (HAROLD A. COWEN, RONALD P. KATZ, and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and MICHAEL J. GOLDSTEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Allen Humphrey, was found guilty of possession of a narcotic drug in a bench trial in the circuit court of Cook County and was sentenced to the penitentiary for a term of 4 to 7 years. No appeal was taken from this conviction. About 20 months later he did, however, file a petition under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1967, ch. 38, pars. 122—1 *et seq.*) The relief requested in the petition was denied and defendant appeals from the order denying post-conviction relief pursuant to Rule 651. 43 Ill.2d R. 651.

The thrust of the post-conviction petition is that the People knowingly used the perjured testimony of two police officers in obtaining his conviction. Accompanying the petition was an unsworn statement of Robert Edwards. This statement alleged facts which were inconsistent with some of the testimony of two police officers who testified at the trial. The People filed an answer denying the allegations of the petition and attached the trial transcript as an exhibit. The same trial judge who presided at defendant's trial considered the petition and statement accompanying it, the trial transcript, and the argument of counsel, and then denied the relief sought in the petition. Defendant argues here, as he did before the trial judge considering his petition, that the relief sought in the petition could not be denied without a hearing at which defendant and Edwards were called and permitted to testify.

The trial transcript filed by the People shows that the principal witnesses against defendant were officers John Tyrrell and Richard Smith. They testified that on March 21, 1965, they had a conversation with Joseph Woods at the police station. Woods was searched and found to have no narcotics or money. Woods then acompanied the officers in an unmarked car to the Jazzville Tavern at 1148 South Pulaski Road in Chicago. They observed the defendant as

he emerged from the tavern and walked into a gangway between the tavern and the next building. About 2 minutes later he came out of the gangway and went back into the tavern. The police officers followed defendant's footprints in the snow into the gangway and to a small compartment under a stairway. They investigated this cubbyhole with their flashlights and found a packet of tinfoil on a beam. The packet was opened and found to contain ten smaller tinfoil packets. They returned to the car and gave Woods a $20 bill and two $10 bills and Woods went into the tavern. A few minutes later defendant again emerged from the tavern, went· into the gangway, remained in there a few minutes, and again returned to the tavern. A couple of minutes later Woods returned to the car and gave the officers four tinfoil packets. The officers again entered the gangway and hid in a crouched position in the cubbyhole under the stairway. About 1½ hours later defendant returned to the stairway and as he reached and took the package from the beam, the police arrested him. They searched him and found the $20 bill and the $10 bills· they had given to Woods and the tinfoil packet on the beam only had six smaller tinfoil packets.

The trial transcript also shows that defendant testified at his trial. He said he had been in the Jazzville Tavern, but he denied talking to anyone about purchasing narcotics and denied knowing Woods. He said he entered the gangway to urinate and was arrested by the police. He denied that he reached into the cubbyhole and denied that he had a package when the police arrested him.

The statement accompanying the post-conviction petition is signed by Robert Edwards and states that he is Joseph Woods. He says he is in prison, has had occasion to talk with defendant and learned the nature of the police testimony at defendant's trial. He states that on March 21, 1965, he was stopped by officers Tyrrell and Smith and threatened with arrest if he did not help them arrest a seller

of narcotics. They took him to the Jazzville Tavern and told him they thought defendant would sell him some narcotics. They gave him a $5 bill, four $1 bills and 50 cents in silver and sent him into the tavern. He went into the tavern but did not talk to defendant. He then returned to the officers, told them he could not make the purchase, gave them back their money and left the neighborhood.

Defendant's theory is that without the oral testimony of Woods (Edwards) the statement in the "affidavit" accompanying the petition must be deemed true; that if the statements in the "affidavit" are deemed true, then, to the extent that they conflict with the two police officers' trial testimony, such as, the amount and denominations of money given to Woods and whether Woods returned with four tinfoil packets or the money, the police officers' testimony must be deemed false and perjured; that this perjured testimony was knowingly used by the prosecution; and that this knowing use of perjured testimony deprived defendant of a constitutional right. See *Napue* v. *People*, 360 U.S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173; *People* v. *Lueck*, 24 Ill.2d 554.

The trial judge who conducted this post-conviction hearing had heard the testimony of the police officers and the defendant. There was substantial conflict in this testimony and he chose to believe the police officers. The written statement of Woods (Edwards) shows that his testimony would conflict with that of the police officers. Thus, the question is whether the post-conviction judge must now hear the testimony of the informer or whether he may assume that the informer would testify in accordance with his written statement and may, nevertheless, choose to believe the sworn testimony of the police officers which he has already heard.

The Post-Conviction Hearing Act, itself, gives the post-conviction judge wide discretion as to the type of evidence he may receive in ruling on the allegations of the petition.

(See *People* v. *Smith,* 45 Ill.2d 91.) Thus, section 6 of the Act (Ill. Rev. Stat. 1967, 38, par. 122—6) provides: "The Court may receive proof by affidavits, depositions, oral testimony, or other evidence."

On the basis of the record before us, we do not believe the post-conviction judge abused his discretion in ruling on the allegations of the petition based on the petition, written statement, answer and trial transcript without the oral testimony of the defendant and the informer. Furthermore, the post-conviction judge properly denied the relief sought in the petition on the basis of the evidence presented. The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.