(No. 71439.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ULECE MONTGOMERY, Appellant.

*Opinion filed October 27, 1994.*

110

MILLER, J., dissenting.

Robert T. Markowski, David M. Greenwald and Christopher D. Liguori, of Jenner & Block, of Chicago, for appellant.

Roland W. Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee Goldfarb and Marie Quinlivan Czech, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Defendant, Ulece Montgomery, appeals from a judgment of the circuit court of Cook County denying his petition for post-conviction relief. Because the post-conviction proceeding involves a judgment imposing a sentence of death, defendant's appeal lies directly to this court. 134 Ill. 2d R. 651(a).

In the underlying criminal prosecution, defendant waived his right to a jury trial, stipulated to the State's evidence and was convicted of the murders of two elderly women by Judge Richard L. Samuels. Defendant also waived his right to a jury during the sentencing portion of the proceedings. After determining that two aggravating factors set forth in section 9—1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, pars. 9—1(b)(3), (b)(6)) existed and that there were no mitigating factors sufficient to preclude a sentence of death, Judge Samuels sentenced defendant to death. This court affirmed defendant's conviction and sentence on direct appeal (*People v. Montgomery* (1986), 112 Ill. 2d 517),

and the United States Supreme Court denied *certiorari* (*Montgomery v. Illinois* (1987), 479 U.S. 1101, 94 L. Ed. 2d 181, 107 S. Ct. 1329).

Defendant then instituted the present action under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). Defendant's petition, as amended, contained 32 counts. On the State's motion, however, the post-conviction court dismissed count XI and counts XIII through XXXI, and they are not before us on this appeal.

The counts which concern us here sought a new trial based on allegations of judicial misconduct and ineffective assistance of trial and appellate counsel. Specifically, defendant alleged that the trial judge, Judge Samuels, violated his due process rights by reneging on an improper *ex parte* promise made to his trial attorneys to sentence him to life imprisonment. Correspondingly, defendant claimed that his trial attorneys were ineffective because they convinced him to waive his right to a jury at sentencing based on their improper *ex parte* conversations with Judge Samuels. Defendant further asserted that his attorneys were ineffective because they failed to offer additional mitigation evidence which was available and failed to raise the judicial misconduct issue in the trial court. In addition, defendant alleged that his lawyer on appeal was ineffective for failing to raise on direct review the judicial misconduct issue as well as two challenges to the constitutionality of the Illinois death penalty statute.

The post-conviction court initially determined that an evidentiary hearing on all of these allegations was necessary. Following the presentation of evidence and arguments on the judicial misconduct allegations, however, the post-conviction court denied relief not only on defendant's judicial misconduct claims, but on his ineffective assistance of counsel claims as well. The post-conviction court found that during the *ex parte* conversa-

tions with defendant's trial attorneys, Judge Samuels had not promised that he would sentence defendant to life imprisonment and had said or done nothing which would lead anyone to believe that he would impose a sentence less than death. Rather, the only thing discussed during the *ex parte* conversations was scheduling. The post-conviction court further found, after reviewing the entire record, that defendant's trial and appellate attorneys' performance was not deficient.

On this appeal, defendant offers four arguments in support of his alternative requests for a new trial or a new post-conviction evidentiary hearing. The first three arguments involve the counts in his petition for relief which dealt with the alleged *ex parte* conversations. Defendant's final argument concerns the remaining counts of his petition for relief, where he claims ineffective assistance of counsel. Because we conclude that defendant's third argument has merit, we do not address his other arguments. Those arguments are based upon the factual findings that were made following the post-conviction hearing. Since we remand this cause with directions to reopen the hearing, the factual findings that are before us were made on an incomplete record. The post-conviction court will have to reevaluate and reenter factual findings following the close of the evidence in the reopened hearing.

Defendant claims that the post-conviction court improperly limited his cross-examination of Judge Samuels and Shirley Thompson, Judge Samuels' court reporter for over seven years. Defendant claims that these limitations denied him a full and fair hearing. We agree.

Defendant sought to cross-examine Judge Samuels as to, first, his silence and failure to deny defendant's allegations when he was first made aware of them; second, his refusal to speak to defendant's lawyers; third, the aggravation and mitigation evidence discussed

with attorney McNamara in chambers; and fourth, Judge Samuels' familiarity with and understanding of the rules prohibiting *ex parte* contacts between judges and lawyers. He sought to cross-examine Shirley Thompson about Judge Samuels' practice of meeting with lawyers in his chambers *ex parte*.

It is true that, in determining the merits of a post-conviction petition, a judge has wide discretion to limit the type of evidence he will permit. (*People v. Humphrey* (1970), 46 Ill. 2d 88, 91.) Nevertheless, the decision to prohibit defendant's cross-examination of Judge Samuels on these matters, which went right to the heart of the controversy, was an abuse of discretion. At issue was whether Judge Samuels made an inappropriate promise to defendant during an inappropriate *ex parte* communication. The post-conviction court could not have come to an informed conclusion when it severely limited testimony from the very sources that could shed light on whether defendant's allegations were true.

Thus, we remand this cause and direct the post-conviction court to reopen the hearing to allow defendant to fully cross-examine Judge Samuels and Shirley Thompson. The post-conviction court may rely on the record and need not receive the rest of the evidence a second time. Of course, it may in its discretion allow either side to re-present evidence to the extent it feels that reception will aid it in making its ultimate findings.

Our order renders the post-conviction hearing incomplete. It would therefore be premature to consider defendant's remaining allegations of error, which go to the adequacy of the post-conviction court's findings following what it perceived to be the completion of the post-conviction trial. Our order to reopen the hearing necessitates new factual findings upon the completion of the evidence.

The cause is remanded to the circuit court.

*Cause remanded with directions.*

JUSTICE MILLER, dissenting:

I dissent. Unlike the majority, I do not believe that the court below improperly restricted defense counsel's cross-examination of witnesses at the evidentiary hearing on the defendant's post-conviction petition. Accordingly, I would consider here the remaining issues raised by the defendant in the present appeal.

The defendant was convicted of murder and, in a bench proceeding, sentenced to death. Our focus in this appeal from the denial of the defendant's post-conviction petition is on the defendant's allegations that the trial judge, in several *ex parte* conversations with the defendant's trial counsel, had assured counsel that he would impose a sentence of imprisonment rather than death. After an extensive evidentiary hearing, the post-conviction judge rejected this claim, concluding that the trial judge had not made the promise alleged by the defendant.

The majority concludes that the post-conviction court improperly restricted defense counsel's cross-examination of the trial judge, Judge Richard Samuels, and his court reporter, Shirley Thompson. I do not agree.

Defense counsel conducted a full and thorough cross-examination of both witnesses. Nonetheless, the defendant complains that the post-conviction court improperly sustained objections to the following areas of inquiry: Judge Samuels' initial and subsequent silence when confronted with the allegations in the post-conviction petition, the judge's failure to meet with the defendant's post-conviction counsel to discuss the case prior to the hearing on the petition, the judge's recollection of his conversations with the defendant's trial attorneys, and the judge's familiarity with a subsequently adopted circuit rule concerning *ex parte* contacts. In addition, the defendant contends that the post-

conviction court erred in refusing to permit counsel to question Judge Samuels' former court reporter, Shirley Thompson, regarding *ex parte* meetings by the judge with other attorneys.

The admission of evidence is generally reserved to the trial judge's discretion (*People v. Hayes* (1990), 139 Ill. 2d 89, 130), and a judge hearing a post-conviction matter enjoys "wide discretion as to the type of evidence he may receive in ruling on the allegations of the petition" (*People v. Humphrey* (1970), 46 Ill. 2d 88, 91). A review of the record in this case demonstrates that the subjects described above were fully aired on direct examination of the two witnesses or were irrelevant or only marginally relevant in the present case. Accordingly, I do not believe that the post-conviction judge abused his discretion or committed reversible error in sustaining any of the State's objections to these inquiries.

The post-conviction court did not abuse its discretion in limiting counsel's questions regarding Judge Samuels' reaction to the allegations contained in the post-conviction petition, and the judge's supposed failure to deny making the alleged promises. As the testimony revealed, when initially confronted in court with the defendant's allegations, Judge Samuels promptly recused himself from the post-conviction proceeding, obviously realizing that his recollection would be of vital importance in this case; that certainly was not the forum in which any comments by the judge would have been appropriate. Under these circumstances, I fail to see how evidence of Judge Samuels' supposed silence, then or later, in the face of the allegations in the post-conviction petition would have been helpful to the defendant in establishing his claim.

Nor did the post-conviction court err in sustaining objections to questions about Judge Samuels' failure to

meet with defense counsel to discuss the case. This was a topic that had been adequately explored on direct examination. At that time, Judge Samuels explained that the press of family matters, which he described in detail, had occupied his time and had prevented him from meeting with counsel. I do not believe that the defendant was prejudiced by the court's ruling here.

The post-conviction court also did not err in sustaining objections to questions regarding Judge Samuels' recollection of his conversations with the defendant's trial attorneys. In a far-ranging examination of Judge Samuels, defense counsel made repeated inquiries regarding the alleged conversations involving the judge and the defendant's trial attorneys. The post-conviction court properly sustained an objection to a question that was repetitious and argumentative, and properly sustained objections to questions that were not directly relevant to the defendant's claim.

As a final matter, the post-conviction court acted within its discretion in sustaining objections to questions about Judge Samuels' awareness of a subsequently adopted circuit rule concerning *ex parte* contacts with attorneys. I do not believe that testimony concerning the witness' familiarity or lack of familiarity with the local rule, adopted after the defendant's trial and sentencing hearing, would have aided the post-conviction court's understanding of these issues.

The post-conviction court also acted within its discretion in sustaining certain objections to the defendant's cross-examination of Judge Samuels' former court reporter, Shirley Thompson. Counsel sought to question this witness about her recollection of the substance of Judge Samuels' *ex parte* conversations with lawyers other than the defendant's two trial attorneys. The post-conviction court did not abuse its discretion in limiting this inquiry, given the tangential relevance of

Judge Samuels' conversations with other attorneys to the defendant's claims concerning the judge's contacts with trial counsel.

In sum, defense counsel was allowed to conduct a full and thorough cross-examination of Judge Samuels and his court reporter. A review of the record in this case shows that the post-conviction judge did not commit reversible error in the modest and warranted restrictions he placed on the defendant's questioning of these two witnesses. (See *People v. Harris* (1988), 123 Ill. 2d 113, 145.) Finding no reversible error in the post-conviction court's rulings on these matters, I would consider now the remaining issues raised by the defendant in the present appeal.