No. 2--95--0126

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE              )  Appeal from the Circuit Court

OF ILLINOIS,                         )  of Du Page County.

                                     )

     Plaintiff-Appellee,             )

                                     )  Nos. 80--CF--0639

v.                                   )       80--CF--1848

                                     )

DONALD C. REYNOLDS,                  )  Honorable

                                     )  Ann Brackley Jorgensen,

     Defendant-Appellant.            )  Judge, Presiding.

_________________________________________________________________

     JUSTICE INGLIS delivered the opinion of the court:

     Defendant, Donald C. Reynolds, appeals from the denial of his

petition for post-conviction relief.  We reverse and remand with

directions.

     On June 4, 1991, defendant filed a sworn pro se petition for

post-conviction relief, contending that his trial counsel, Robert

Boyd, had rendered ineffective assistance.  Defendant alleged that

Boyd had a private, in-chambers, conversation with the sentencing

judge, Charles Norgle, immediately preceding the sentencing

hearing.  (Since that time, Judge Norgle has been appointed to the

federal bench.)  In this conversation, Judge Norgle is purported to

have said that he would impose the maximum extended term on the

defendant unless Boyd talked him out of it.  Defendant alleged that

Boyd did not inform him of the conversation until after he had

pleaded guilty.  Defendant further alleged that he had asked Boyd

to provide an affidavit to verify the content of the purported ex

parte conversation and that Boyd never responded.

     Defendant asked leave to take an evidence deposition, and on

April 30, 1992, the court entered an order allowing defendant to

take Judge Norgle's deposition.  On October 15, 1993, the parties

informed the court that Judge Norgle had refused to submit to the

deposition.  In a letter dated October 12, 1993, Judge Norgle

stated that he was "not aware of any issues which would require the

calling of the judge who presided in the case as a witness."  Judge

Norgle also questioned the good faith of any subpoena that might be

issued to compel his testimony.  The parties then agreed to the

alternative of having Boyd testify regarding the allegations in the

post-conviction petition.

     On June 3, 1994, a hearing on the petition was held in which

Boyd testified that he did not specifically recall any conversation

with Judge Norgle regarding defendant's sentencing hearing. 

Moreover, Boyd specifically denied the allegations in defendant's

petition, stating, "Judge Norgle would not have said those things

to me."  Defendant objected, and Boyd interjected, "He didn't say

those things to me."  In ruling on the objection, the court stated:

          "I appreciate the objection but I'll state for the

       record that I don't think that that is speculation on the

       part of the witness [Boyd], a witness who had appeared

       before Judge Norgle on numerous occasions.

          I'll also state for the record so there is some basis

       for my comment here, I have known this witness [Boyd] for

       many, many years.  I have also known Charlie Norgle for

       many, many years.  I think the witness' statement is not a

       conclusion; it is a [sic] rather a very accurate statement

       of fact.

          But your objection is noted for the record."

          Continuing his testimony, Boyd again denied having any

discussion with defendant regarding an off-the-record communication

with Judge Norgle in which Judge Norgle revealed his intention to

sentence defendant to a 60-year term of imprisonment.  After Boyd's

testimony, defendant was given leave to submit interrogatories to

Judge Norgle to determine if he recalled any conversation with Boyd

and what the substance, if any, was.

     On June 28, 1994, defendant filed the original interrogatories

with the court.  On August 8, 1994, defendant informed the court

that Judge Norgle refused to respond.  In a letter dated July 15,

1994, Judge Norgle stated, "While I do not believe that I have any

information that would be of assistance to you, I am not sure that

it is appropriate for me to respond to the interrogatories."  Judge

Norgle asserted that a response to the interrogatories could

violate the Code of Judicial Conduct (codified at 155 Ill. 2d R. 61

et seq.) and that he had a privilege against testifying about his

mental processes.  Judge Norgle concluded by stating, "There does

not appear--based upon the information available to me--to be

sufficient reason to overcome the general rule against a judge

testifying about a prior proceeding."  Defendant then asked the

court to issue a subpoena for Judge Norgle.  The court refused but

suggested that defendant ask Judge Norgle to submit an affidavit

verifying that he had no personal knowledge of any matters

regarding this case other than what occurred on the record.

     On January 4, 1995, defendant informed the court that Judge

Norgle had not responded to his request for an affidavit and

renewed his request for a subpoena for the judge.  The court then

ruled on defendant's petition, first taking notice of Judge

Norgle's letters, which the court construed as a denial that any

conversation occurred between Judge Norgle and Boyd.  The court

also agreed with Judge Norgle's position that it would be improper

for him to testify regarding the circumstances surrounding the

performance of his duties.  Finally, the court denied defendant's

petition, specifically finding that the alleged conversation

between Boyd and Judge Norgle never occurred.  Defendant timely

appealed this ruling.

     On appeal, defendant contends that the court erred by denying

his request to subpoena Judge Norgle to testify and that he was

denied a fair hearing on his petition due to the court's bias.  We

hold that the court erroneously denied defendant's request to

subpoena Judge Norgle. 

     Before we determine defendant's issue, we must first answer

the question of whether defendant was even entitled to request a

subpoena of Judge Norgle.  In view of the vulnerability of judges

to compulsory service for the many cases they hear and the natural

desire of criminal defendants to examine their judges, a party

seeking to subpoena a judge must first pass a reasonable threshold. 

The party should first be required to ask the court's leave to

subpoena the judge.  People v. Ernest, 141 Ill. 2d 412, 422 (1990). 

The court should then hold a hearing to ensure the following

prerequisites are met.  People v. Palacio, 240 Ill. App. 3d 1078,

1102 (1993).

       "First, the party subpoenaing the [judge] must specifically

       state the testimony the party expects to elicit from the

       [judge].  Second, that party must specifically state why

       that testimony is not only relevant, but necessary to the

       party's case.  Finally, that party must specifically state

       the efforts that party has made to secure the same evidence

       through alternative means."  (Emphasis in original.) 

       Palacio, 240 Ill. App. 3d at 1102.

       Considering the facts of this case, we find that defendant has

crossed the Palacio threshold.

     Turning now to defendant's argument, we agree that Judge

Norgle was a material witness regarding defendant's allegations. 

In that respect, People v. Montgomery, 162 Ill. 2d 109 (1994), is

instructive.  There, the defendant alleged that his trial attorneys

provided ineffective assistance because they convinced him to plead

guilty to murder based on an improper ex parte promise to sentence

him to life imprisonment.  Montgomery, 162 Ill. 2d at 111.  The

court acknowledged that the post-conviction judge has wide

discretion to limit the type of evidence he or she will permit. 

Montgomery, 162 Ill. 2d at 113.  The court held, however, that the

post-conviction court abused its discretion in limiting the cross-

examination of the trial judge, as his testimony "went right to the

heart of the controversy," which was "whether [the trial judge]

made an inappropriate promise to defendant during an inappropriate

ex parte communication."  Montgomery, 162 Ill. 2d at 113.

     We find the reasoning of Montgomery to be persuasive in this

case.  Here, the central allegation was whether Judge Norgle made

an inappropriate ex parte remark to Boyd.  By refusing to issue a

subpoena to secure Judge Norgle's testimony, testimony which will

go "right to the heart of the controversy," the court abused its

discretion.  Without this testimony, the court cannot reasonably

conclude that the conversation did not occur, as Judge Norgle's

letters shed no light on the main issue.  See Montgomery, 162 Ill.

2d at 113.  Accordingly, we hold that it was error for the court to

refuse to issue a subpoena to Judge Norgle.

     The State contends that the court correctly refused to issue

a subpoena to Judge Norgle.  The State claims that the court had

made a credibility determination concerning Boyd's testimony and

Judge Norgle's letters, which, according to the State, indicated

that Judge Norgle had no private, ex parte conversation with Boyd

about defendant's sentence.  Moreover, the State asserts that Judge

Norgle's testimony would have been cumulative to Boyd's.  We

disagree.

     Although the court had the opportunity to determine Boyd's

credibility and may have believed his testimony, Judge Norgle's

letters do not foreshadow what his testimony will be.  His letters

merely assert that he does not believe that he has any relevant

information regarding defendant's post-conviction claim.  Without

Judge Norgle's testimony, it is impossible to say that it is

cumulative to Boyd's.  Thus, we reject the State's contention on

this point.  

     We also address the concerns which Judge Norgle raised in his

letters to defendant's post-conviction counsel.  In both letters,

Judge Norgle asserts that he does not believe that he has any

information which would be relevant to the disposition of

defendant's claims.  We respectfully note that it is not for the

witness to determine whether his or her testimony is relevant to

the matter at hand, but for the judge presiding.  To accept this

argument would allow any witness to disqualify himself on the

grounds that he did not believe he had relevant information.  Thus,

we cannot allow Judge Norgle's belief that he has no relevant

information about defendant's claim to determine the result in this

case.

     Judge Norgle also expressed concern that his testimony might

violate the Code of Judicial Conduct (codified at 155 Ill. 2d R. 61

et seq.).  Specifically, he points to Canon 1 (155 Ill. 2d R. 61),

regarding independence and integrity, and Canon 2 (155 Ill. 2d R.

62), regarding the avoidance of impropriety and the appearance of

impropriety.  We do not see how a properly focused and limited

examination would conflict with his duties under the Code of

Judicial Conduct.  Therefore, we do not find Judge Norgle's

concerns on this issue sufficient to preclude his testimony in this

matter.

     Judge Norgle's final concern is that he may be forced to

reveal his mental processes, to which he asserts that he has a

privilege.  The issue raised by defendant is simply whether Judge

Norgle had an ex parte communication with Boyd immediately before

defendant's sentencing hearing, and the substance, if any, of that

communication.  Defendant's petition simply raises no issue that

would require Judge Norgle to testify about his mental processes in

reaching a judicial decision.

     For the foregoing reasons, we hold that the court erred by

refusing to issue a subpoena to compel Judge Norgle's testimony. 

Although we are mindful of the burden which compliance with a

subpoena would place upon Judge Norgle and his court, we note that

judges may be called as witnesses.  See Montgomery, 162 Ill. 2d

109.  We also note that the record reflects that Judge Norgle

rejected defendant's offer to take his deposition, which we assume

would have been at a time and place of his convenience.  Judge

Norgle also refused to answer the following two interrogatories:

          "1.  On or about November 10, 1981, prior to accepting

     the plea of guilty and the sentencing hearing of [defendant]

     in regard to the above captioned matters[,] did you have an in

     camera conversation with Robert Boyd, counsel to [defendant]

     in regard to the sentences to be imposed on [defendant]?

          *** 

          2.  If the answer to interrogatory #1 is yes, what[,] to

     the best of your recollection[,] did you say to Mr. Boyd?"

We find these two interrogatories to be relevant and to the point. 

In addition, Judge Norgle also failed to respond to defendant's

subsequent request for an affidavit.  Therefore, under the

circumstances of this case, we find that Judge Norgle should be

required to appear and testify.  Accordingly, pursuant to Supreme

Court Rule 366 (155 Ill. 2d R. 366), we order that the court issue

a subpoena for Judge Norgle's testimony.

     In light of our disposition of defendant's first issue, we

need not consider his claim of deprivation of a fair hearing, as by

our disposition, his post-conviction hearing is not concluded.  We

note, however, that Judge Jorgensen's remark, quoted above, about

her long association with both Judge Norgle and Boyd, may raise

questions concerning her impartiality.  Therefore, in the best

interests of the judicial system and of the defendant, pursuant to

Rule 366 (155 Ill. 2d R. 366), we order that defendant's post-

conviction hearing be assigned to another judge.

     For the foregoing reasons, we reverse the order of the circuit

court of Du Page County and remand the cause for further

proceedings consistent with this order.

     Reversed and remanded with directions.

     DOYLE and HUTCHINSON, JJ., concur.