Rory Brown petitions for hearing from a court of appeals' decision affirming his convictions of sexual abuse of a minor and incest. Brown argues that his appellate counsel had a conflict of interest and that Judge Suddock should have been disqualified from the appeals panel.
In response, the State argues that Brown can add these claims to his pending post-conviction relief application. Both of Brown's claims may involve factual disputes that would be difficult for this court to review without a trial court record.[1] And both claims may be appropriate for resolution in the post-conviction process.[2]
Therefore, based on the State's suggestion, we DENY Brown's petition for hearing.
Entered at the direction of the court.
WINFREE, Justice, concurring in part and dissenting in part.
I agree that Rory Brown's assertion of ineffective assistance of appellate counsel in connection with his appeal to the court of appeals is an issue that should be included in his pending petition for post-conviction relief.[1] But I have a different view regarding *661 Brown's claim of bias by one judge participating on his appeal panel.
I first note that Brown appears before us self-represented, having dispensed with court-appointed counsel after a representation hearing. He therefore is entitled to procedural assistance from this court if it is clear he is seeking identifiable relief, there is an avenue by which that relief might be sought, and it is within our authority to place him on that avenue.[2]
It is clear that Brown seeks relief for a claim of judicial bias by one judge who participated in his appeal to the court of appeals. Brown asserts, and it appears undisputed, that in 2009 superior court judge John Suddock presided over Brown's child custody proceedings and awarded Brown custody of his three biological children and two stepdaughters. Two of those children apparently were subject to the sexual abuse underlying Brown's criminal convictions in the superior court.
Brown appealed his criminal conviction to the court of appeals in August 2014. At that time two pro tem judges had been appointed by the Chief Justice to take case assignments in the court of appeals: retired court of appeals judge Robert Coats (Order No. 6478) and district court judge Patrick Hanley (Order No. 6479). Judge Suddock was appointed by the Chief Justice to act as a pro tem judge on the court of appeals effective September 10, 2015 (Order No. 6629). When the briefing for Brown's appeal was complete in February 2017, all three pro tem judges remained available for specific assignment to his appeal under then-current orders: Judge Coats (Order No. 6790), Judge Hanley (Order No. 6789), and Judge Suddock (Order No. 6760).
Judge Suddock was assigned to participate in Brown's appeal, apparently under the court of appeals' internal assignment procedures. But Brown was not given notice of this assignment. And because no oral argument was held, the first notice Brown had of Judge Suddock's involvement came when the court's opinion was issued. Brown now argues that Judge Suddock was biased, "should have recus[ed] himself," and "was just correcting a wrong he feels he made when he upheld my conviction ... because they were the same children he gave me custody of in 2009."[3]
More importantly, from my perspective, Brown asserts that it was legal error to deprive him of the right to challenge Judge Suddock's participation in the appeal. In my view Brown has raised an important legal issue of first impression that deserves this court's consideration: Is it legal error when a *662 multi-judge panel effectively cloaks one decision maker's identity until its final decision is issued, leaving the litigant no opportunity to seek the panel member's recusal under AS 22.20.020(a)(9) ? If it is legal error, what is the remedy?[4]
The court seems persuaded by the State's informal "suggestion" that the best way to handle this alleged legal error is through post-conviction relief proceedings. I would prefer to take the matter up and decide the two questions after full briefing rather than simply accept the State's "suggestion" in response to Brown's petition for hearing. Absent that, I see no reason we should not refer Brown's petition to the court of appeals with an order that it be considered a motion for Judge Suddock's recusal for the reasons stated in the petition. For example, we recently referred a portion of a petition for hearing to the court of appeals for consideration as a petition for rehearing on an argument the court of appeals had overlooked.[5] Exercising this same authority here would be consistent with our obligation to assist a self-represented litigant in a procedural matter.[6] And absent a full review and decision by this court on the rule of law and remedy, I believe this process would be more fair than forcing Brown to litigate his judicial bias claim solely in a post-conviction relief setting.[7]
Judge Suddock then could respond to the recusal motion in the normal course. If Judge Suddock agreed he should have recused, then the court's decision would be vacated and the appeal considered by a new appellate panel. If Judge Suddock believed there were no reason to recuse, then his determination would be reviewed pursuant to AS 22.20.020(c). If the AS 22.20.020(c) process were completed without Judge Suddock's removal from the case, Brown could (1) file another petition for hearing on this issue, or (2) add this issue to his petition for post-conviction relief.

See Wetherhorn v. Alaska Psychiatric Institute , 156 P.3d 371, 384 (Alaska 2007) ; Barry v. State , 675 P.2d 1292, 1295 (Alaska App. 1984).

Cf. Lindeman v. State , 244 P.3d 1151, 1158-60 (Alaska App. 2011) (allowing post-conviction applicant to reopen his criminal appeal based on proof that his appellate counsel had been ineffective).

See Alaska R. Crim. P. 35.1(a)(9) (identifying ineffective assistance of counsel at trial or on direct appeal as ground for post-conviction relief).

See Kaiser v. Sakata , 40 P.3d 800, 803 (Alaska 2002) ("Judges 'should inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish,' and inform a pro se litigants of specific defects in their pleadings." (footnote omitted) (emphasis in original) (quoting Breck v. Ulmer , 745 P.2d 66, 75 (Alaska 1987) ) ).

Although Alaska opinions are replete with statements that litigants must show an extrajudicial source of bias, see, e.g. , Luker v. Sykes , 357 P.3d 1191, 1199 (Alaska 2015) ("To prove a claim of judicial bias, the claimant must show that the judge formed an opinion of [him] from extrajudicial sources, resulting in an opinion other than on the merits." (quoting Ronny M. v. Nanette H. , 303 P.3d 392, 409 (Alaska 2013) ) ), that is not completely accurate. There is a line of authority requiring recusal when a judicial officer hears, learns, or does something intrajudicially so prejudicial that further participation would be unfair. See Jerry B. v. Sally B., 377 P.3d 916, 925 (Alaska 2016) (discussing possible bias from same judge presiding over party's criminal and divorce proceedings); see also Grace L. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs. , 329 P.3d 980, 988-89 (Alaska 2014) (discussing possible appearance of bias from judge hearing evidence in substitution of counsel hearing); R.J.M. v. State, Dep't of Health & Soc. Servs. , 946 P.2d 855, 869-70 (Alaska 1997) (discussing possible bias from same judge presiding over party's divorce and CINA proceedings), superseded by statute on other grounds , Ch. 99, §§ 1, 18, SLA 1998, as recognized in Rowan B., Sr. v. State, Dep't of Health & Soc. Servs. , 320 P.3d 1152, 1158 n.24 (Alaska 2014) ; Cook v. State , 36 P.3d 710, 728-29 (Alaska App. 2001) (discussing possible disqualification of judge who presided over criminal proceedings after having issued a restraining order against defendant); Richard E. Flamm, Judicial Disqualification: Recusal & Disqualification of Judges § 7.4 (3d ed. 2017) (explaining federal rule that bias requires recusal, whether from extra- or intrajudicial sources, if judicial remarks "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible" (quoting Liteky v. United States , 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ) ).

Cf. Alaska R. App. P. 304, providing that the grant of a petition for hearing is within our discretion and that the "character of reasons which will be considered" are set out in (a)-(d); (d) provides: "Under the circumstances, the exercise of the supervisory authority of the court of discretionary review over the other courts of the state would be likely to have significant consequences to others than the parties to the present case, and appears reasonably necessary to further the administration of justice."

Balallo v. State , No. S-16856 (Alaska Supreme Court Order, Feb. 21, 2018).

See Kaiser , 40 P.3d at 803.

Without Alaska precedent or a crystal ball, it is difficult to discern how Brown would generate evidence of Judge Suddock's mental state when he participated in the decision on Brown's appeal; judicial immunity might cloak any such intrusion. See, e.g. , Statewide Grievance Comm. v. Burton , 299 Conn. 405, 10 A.3d 507, 514 (2011) (concluding superior court properly determined as matter of law that request to compel testimony requiring judge to testify about deliberative process and mental impression in conducting any judicial proceeding was clearly barred by judicial immunity doctrine (citing Gold v. Warden , 222 Conn. 312, 610 A.2d 1153, 1157 n.11 (1992) ) ); Willer v. Las Vegas Valley Water Dist. , 176 F.3d 486 (9th Cir. 1999) (unpublished table decision) (noting "it is well settled that the decision making process of judges is generally not subject to discovery"); People v. Reynolds , 284 Ill.App.3d 611, 220 Ill.Dec. 576, 673 N.E.2d 720, 724 (1996) (holding superior court erred in refusing to issue subpoena compelling sentencing judge to testify because testimony of alleged ex parte communication would not require judge to reveal mental processes); State v. Lewis , 656 So.2d 1248, 1250 (Fla. 1994) (explaining "[g]enerally judges cannot be compelled to testify as to matters concerning their judicial duties." (quoting Charles W. Ehrhardt, Florida Evidence § 607.1, at 366 & n.1 (1994) ) ).
Brown may be left with exactly the same evidence he now has, but with a heavy burden of persuasion to obtain relief. See AS 12.72.040 (establishing clear and convincing evidence standard of proof for all factual assertions in post-conviction relief proceedings).