STATEWIDE GRIEVANCE COMMITTEE *v.*
NANCY BURTON
(SC 18602)

Norcott, Katz, Palmer, McLachlan and Eveleigh, Js.

Argued October 28, 2010—officially released January 4, 2011

*Nancy Burton*, pro se, the appellant (defendant).

*Mark A. Dubois*, chief disciplinary counsel, with whom was *Beth L. Baldwin*, disciplinary counsel, for the appellee (plaintiff).

*Opinion*

EVELEIGH, J. The defendant, Nancy Burton, a disbarred attorney, appeals[1] pro se from the judgment of the trial court in favor of the plaintiff, the statewide grievance committee, in the plaintiff's presentment complaint against her. In its judgment, the trial court disbarred the defendant from the practice of law in this state and prohibited her from applying for reinstatement for a period of five years after she has satisfied all of the conditions for reinstatement to the bar

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

imposed on her as a result of a prior disbarment.[2] The defendant's disbarment at issue in the present case arose from a letter she wrote in 1995 to the then chief justice of this court accusing three Superior Court judges of judicial misconduct.[3] On appeal, the defendant claims that the trial court improperly: (1) determined that the defendant had violated rules 8.2 (a)[4] and 8.4 (4)[5] of the Rules of Professional Conduct because she asserts that the statements in her letter were true, that she submitted the letter in good faith, and that the contents of the letter were protected speech because the defendant has a duty as an attorney to submit grievances concerning judicial misconduct to the proper authorities; (2) determined that the defendant had violated rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct because the court improperly disregarded and distorted the language of the defendant's letter, impermissibly narrowed the scope of inquiry and failed to articulate accepted standards of judicial conduct; (3) granted the attorney general's motion to quash certain of the defendant's subpoenas; (4) displayed prejudice and bias against the defendant; (5) denied the defendant's motion to dismiss the plaintiff's presentment after the plaintiff had rested its case; and (6) determined that the presentment had not subjected the defendant

---

[2] The defendant previously had been disbarred for unrelated professional misconduct that had occurred in 2000. See generally *Burton* v. *Mottolese*, 267 Conn. 1, 835 A.2d 998 (2003), cert. denied, 541 U.S. 1073, 124 S. Ct. 2422, 158 L. Ed. 2d 983 (2004).

[3] In her brief to this court, the defendant occasionally refers to this letter as her "petition." For purposes of clarity, we refer to this as the letter.

[4] Rule 8.2 (a) of the Rules of Professional Conduct provides: "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office."

[5] Rule 8.4 of the Rules of Professional Conduct provides in relevant part: "It is professional misconduct for a lawyer to . . .

"(4) Engage in conduct that is prejudicial to the administration of justice . . . ."

to duplicative discipline in that the pendency of the presentment herein was cited as an aggravating factor supporting the defendant's prior disbarment for unrelated conduct occurring in 2000. We reject all of these claims and, accordingly, affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. In December, 1995, the defendant, a member of the Connecticut bar, wrote a letter to the then chief justice of this court accusing three Superior Court judges of participating in civil actions "in a manner presenting the stark appearance of judicial corruption" and requesting that this court investigate their conduct. Although the defendant claimed that she had "witnesses, documentation and transcripts" to support her allegations, the only evidence she produced was her own affidavit. The chief justice subsequently informed the defendant by letter that the court had reviewed the letter and had decided not to conduct a formal investigation.

In December, 2003, the plaintiff filed a presentment complaint against the defendant, alleging that the accusations contained in the letter were false and that her conduct violated rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct. Rule 8.2 (a) provides in relevant part that "[a] lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge . . . ." Rule 8.4 (4) provides that it is professional misconduct for an attorney to "[e]ngage in conduct that is prejudicial to the administration of justice . . . ." The presentment further alleged that in November, 2001, the defendant had been disbarred for unrelated professional misconduct that

had occurred in 2000.[6] In addition to the defendant's prior disbarment, the presentment also referred to four other incidents for which the defendant had been reprimanded by the plaintiff, and it asserted that the defendant "has been guilty of misconduct, involving her character, integrity, and professional standing . . . ."

Prior to the hearing in the present matter, the trial court ordered, sua sponte, that the presentment be dismissed on the ground that the court lacked subject matter jurisdiction over it because the defendant had already been disbarred from the practice of law in this state as a result of misconduct that had occurred in 2000. See *Sullivan* v. *Monroe*, Superior Court, judicial district of Fairfield, Docket No. CV 00-0370545 (November 2, 2001) (disbarring same defendant on grounds that she had violated several Rules of Professional Conduct by, inter alia, engaging in unauthorized legal representation of several individuals and making misrepresentations to court), writ dismissed, *Burton* v. *Mottolese*, 267 Conn. 1, 835 A.2d 998 (2003), cert. denied, 541 U.S. 1073, 124 S. Ct. 2422, 158 L. Ed. 2d 983 (2004). The plaintiff appealed from the judgment of the trial court dismissing its presentment to the Appellate Court, which reversed the trial court's dismissal and remanded the matter for further proceedings. See *Statewide Grievance Committee* v. *Burton*, 88 Conn. App. 523, 533, 871 A.2d 380 (2005), aff'd, 282 Conn. 1, 917 A.2d 1 (2007).

---

[6] See *Sullivan* v. *Monroe*, Superior Court, judicial district of Fairfield, Docket No. CV 00-0370545 (November 2, 2001). In that matter, in which the defendant in the present case also was named as a defendant, the defendant filed a writ of error to this court contesting her disbarment, which this court dismissed, thereby upholding the disbarment. See *Burton* v. *Mottolese*, 267 Conn. 1, 835 A.2d 998 (2003), cert. denied, 541 U.S. 1073, 124 S. Ct. 2422, 158 L. Ed. 2d 983 (2004). In *Sullivan*, the trial court prohibited the defendant from applying for readmission to the bar for a period of five years, and imposed specific conditions for her to satisfy before seeking readmission. *Sullivan* v. *Monroe*, supra, Superior Court, Docket No. CV 00-0370545.

The matter then proceeded to trial. After the plaintiff presented its case, the defendant filed a motion to dismiss the presentment on the basis of her claim that the plaintiff had failed to establish its case by clear and convincing evidence. The trial court found that the plaintiff had sustained its burden and denied the motion. As part of her defense, the defendant then attempted to subpoena as witnesses two of the judges whom she had accused of impropriety. The attorney general's office filed an appearance on behalf of the judges and moved to quash the defendant's subpoenas on the ground of judicial immunity. The trial court granted the motion to quash, finding that the judges' anticipated testimony would not be sufficient to abrogate the principles of judicial immunity, as the defendant had failed to show that there was a compelling need for them to testify. In its decision, the trial court determined that there was a transcript of the judges' testimony from prior proceedings and that its review of the transcript revealed that, in those prior proceedings, the defendant had fully explored the areas of inquiry that she claimed were relevant to the present proceeding. As a result, the court determined that the defendant's ability to defend herself against the claims alleged in the presentment was protected.

After a trial to the court, the trial court found that the plaintiff had carried its burden of proving by clear and convincing evidence that the defendant had violated rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct and that the defendant had failed to produce any credible evidence to support her contention that the allegations in the letter were based on an objective, reasonable belief that the allegations were true. The court noted that the defendant's claim of wrongdoing on the part of the judges had consisted of references to prior rulings by the judges, or of outcomes of prior cases or proceedings over which they presided, which

were adverse to the defendant or her clients. As a result, the court disbarred the defendant from the practice of law in this state. As part of the judgment, the defendant was prohibited from applying for reinstatement for five years after she had satisfied all of the conditions for reinstatement to the bar imposed on her as a consequence of her prior disbarment. This appeal followed.

I

The defendant first claims that the trial court improperly found that the defendant had violated rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct. We first address the appropriate standard of review. In *Brunswick* v. *Statewide Grievance Committee*, 103 Conn. App. 601, 613, 931 A.2d 319, cert. denied, 284 Conn. 929, 934 A.2d 244 (2007), the Appellate Court, after a thorough analysis, determined that "the clearly erroneous standard . . . is the preferable standard of review in attorney grievance appeals." "A court reviewing an attorney disciplinary proceeding, therefore, retains its inherent authority over the discipline of its officers in those instances when, despite the evidence in the record, it nevertheless is left with a definite and firm conviction that a mistake has been made." Id., 614.

An attorney asserting allegations of corruption against a judge must have a reasonable, objective belief in the truth of the statements. In the absence of such a belief, the court will infer that the allegations were either false or made in reckless disregard to truth or falseness. *Notopoulos* v. *Statewide Grievance Committee*, 277 Conn. 218, 227–28, 890 A.2d 509, cert. denied, 549 U.S. 823, 127 S. Ct. 157, 166 L. Ed. 2d 39 (2006). As this court held in *Notopoulos*, in cases in which an attorney is subject to sanctions for violating rule 8.2 (a), the plaintiff must first present evidence of misconduct sufficient to satisfy its burden of proving its case by

clear and convincing evidence. Id., 226. If the plaintiff sustains its burden, then the burden of persuasion shifts to the defendant to provide proof of an objective and reasonable basis for the allegations.

A

Specifically, the defendant claims that the trial court improperly concluded that she had violated rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct because the statements contained in the letter were: (1) true; (2) submitted in good faith; and (3) protected free speech. We disagree.

In this case, the plaintiff proved its case by placing the letter to the then chief justice into evidence and examining the defendant as to the basis of her allegations contained therein. Much of that basis appeared to be that the judges previously had ruled against her in several separate matters. There was no objective proof submitted regarding judicial corruption. The only "proof" on the matter was the defendant's personal opinion.

The defendant claims, however, that she subjectively believed the truth of her allegations and, thus, cannot be disciplined for her speech. This court has adopted an objective test for attorney speech pursuant to which an attorney speaking critically of a judge or a court must have an objective basis for the statements. See *Notopoulos* v. *Statewide Grievance Committee*, supra, 277 Conn. 227–31. We previously have held that " 'wholly conclusory' " allegations of judicial misconduct, without objective factual support, justify the imposition of attorney discipline. *Burton* v. *Mottolese*, supra, 267 Conn. 49–50. In the present case, the trial court determined that "the defendant failed to present any credible testimony to substantiate the allegations contained in the letter." We conclude that the trial court's conclusion is supported by the record. A review of

the record in this case indicates that no evidence was proffered to prove that the defendant had an objective basis for her statements. The only evidence the defendant presented was her personal opinion as it related to a series of various court experiences. Accordingly, we conclude that the trial court's finding that the defendant's comments were either false, or made with reckless disregard to their truth or falseness, was not clearly erroneous.

In the alternative, the defendant contends that the letter to the then chief justice was privileged and constitutionally protected speech. We previously have held that reasonable restrictions on an attorney's speech critical of a judge or a court do not amount to a constitutional violation. *Notopoulos* v. *Statewide Grievance Committee*, supra, 277 Conn. 233, 236–37. Thus, there existed no constitutional impediment to the imposition of discipline based on the defendant's allegations contained in her letter.

B

The defendant further claims that the trial court disregarded the clear language of the letter, distorted the language of the letter, impermissibly narrowed the scope of inquiry and failed to articulate accepted standards of judicial conduct. We disagree. At trial, the defendant asserted that the words " 'stark appearance of judicial corruption' " in the letter did not mean that she had alleged judicial corruption, but instead meant that she had asked for an investigation into whether there was judicial corruption. The trial court rejected the defendant's claim as contrary to the plain meaning of the letter and found that, "[b]y taking a position so contrary to the plain meaning of the letter which she authored, the defendant presented a defense that had no legitimate basis . . . ." We point out that the defendant made allegations without including either record

references or legal support. After a thorough review of the record, we conclude that the trial court properly considered the language of the letter, defined the proper scope of inquiry, and articulated the correct and accepted standards of judicial conduct. Accordingly, we conclude that the trial court's conclusion that the defendant had violated rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct was not clearly erroneous.

## II

The defendant next claims that the trial court improperly granted the attorney general's motion to quash the subpoenas for the two judges she sought to examine. We disagree. The standard under which we review evidentiary claims depends on the specific nature of the claim presented. *State* v. *Saucier*, 283 Conn. 207, 218, 926 A.2d 633 (2007). "To the extent a trial court's admission of evidence is based on an interpretation of [law], our standard of review is plenary." Id. "We review the trial court's decision to admit evidence, if premised on a correct view of the law, however, for an abuse of discretion." Id.

We previously have held that a judge may be called as a witness only "[w]here there is a compelling need for a judge's testimony as to observed facts in order that justice be done . . . ." *Gold* v. *Warden*, 222 Conn. 312, 320, 610 A.2d 1153 (1992). To the extent that the defendant sought to compel testimony that would have required the judges to testify about their deliberative processes and mental impressions in conducting any judicial proceeding, we conclude that the trial court properly determined that, as a matter of law such requests were clearly barred by the doctrine of judicial immunity. Id., 319 n.11, citing *United States* v. *Morgan*, 313 U.S. 409, 422, 61 S. Ct. 999, 85 L. Ed. 1429 (1941). To the extent that the defendant claims that the trial

court improperly found that there was not a compelling need for the judges' testimony as to observed facts in order for justice to be done, a review of the record demonstrates that the defendant failed to prove that there was a compelling need for the judges' testimony. To the contrary, the trial court properly found that the testimony was either irrelevant or easily proven by the testimonial transcripts. Accordingly, we conclude that the trial court properly granted the attorney general's motion to quash the defendant's subpoenas of the two judges.

## III

The defendant next claims that the trial court displayed bias and prejudice against her. We disagree. In reviewing a claim of judicial bias, this court employs a plain error standard of review. *Knock* v. *Knock*, 224 Conn. 776, 792–93, 621 A.2d 267 (1993). "The standard to be employed is an objective one, not the judge's subjective view as to whether he or she can be fair and impartial in hearing the case. . . . Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned is a basis for the judge's disqualification." (Internal quotation marks omitted.) *State* v. *Shabazz*, 246 Conn. 746, 768–69, 718 A.2d 440 (1998), cert. denied, 525 U.S. 1179, 119 S. Ct. 1116, 143 L. Ed. 2d 111 (1999).

From our review of the record, it appears that the defendant's claims of bias stem from the trial court's refusal to issue subpoenas "at least [twenty-two] days before the proceedings . . . ." The defendant further claims that the trial court displayed a pervasive pattern of badgering her, putting words in her mouth, and twisting and contorting her testimony. The defendant has failed to point to any specific part of the record that adequately supports her allegations. The trial court's

ruling against the defendant does not mean that she was discriminated against. *Bieluch* v. *Bieluch*, 199 Conn. 550, 553, 509 A.2d 8 (1986). Nothing in the record supports these allegations. Indeed, the record is devoid of any manifestation of actual prejudice or bias on the part of the trial court. Accordingly, we conclude that the defendant's claim that the trial court displayed bias and prejudice toward her is without merit.

## IV

The defendant next claims that the trial court improperly denied her motion to dismiss the presentment after the plaintiff had rested its case. We disagree. As an initial matter, we set forth the governing principles and applicable standard of review. Practice Book § 15-8 provides in relevant part: "If, on the trial of any issue of fact in a civil matter tried to the court, the plaintiff has produced evidence and rested, a defendant may move for judgment of dismissal, and the judicial authority may grant such motion if the plaintiff has failed to make out a prima facie case. . . ." "A prima facie case, in the sense in which that term is relevant to this case, is one sufficient to raise an issue to go to the trier of fact. . . . In order to establish a prima facie case, the proponent must submit evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove. . . . In evaluating [the denial of] a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor. . . . Whether the plaintiff has established a prima facie case entitling the [plaintiff] to submit a claim to a trier of fact is a question of law over which our review is plenary." (Citation omitted; internal quotation marks omitted.) *Winn* v. *Posades*, 281 Conn. 50, 54–55, 913 A.2d 407 (2007).

In the present case, the plaintiff called the defendant as a witness and the record amply supports the trial court's determination that the defendant had no basis upon which to make her allegations of judicial impropriety because she could not articulate a reasonable basis for her beliefs. Accordingly, the trial court properly concluded that the statements were either false or made with reckless disregard as to their falsity. See *Notopoulos* v. *Statewide Grievance Committee*, supra, 277 Conn. 227–28. Lacking any articulable basis for her statements, the trial court properly determined that the plaintiff had established a prima facie case and therefore properly denied the defendant's motion to dismiss.

V

Finally, the defendant claims that the presentment sought duplicative discipline and therefore should have been dismissed. We disagree. The issue of whether the presentment in the present case seeks duplicative discipline is a question of law, over which we exercise plenary review. See, e.g., *State* v. *Tabone*, 292 Conn. 417, 439, 973 A.2d 74 (2009) ("claims of double jeopardy involving multiple punishments present a question of law to which we afford plenary review").

The defendant's claim of duplicative discipline arises from her belief that she has been subjected to double jeopardy because the pendency of this case had been referenced by the trial court in the defendant's unrelated disbarment proceedings stemming from her conduct in 2000. See *Sullivan* v. *Monroe*, supra, Superior Court, Docket No. CV 00-0370545. It is clear, however, from the decision in *Sullivan* that the defendant's present disciplinary proceedings were considered only as one of several aggravating factors. There is no indication that the trial court in *Sullivan* considered the present matter on its merits, and the defendant has failed to provide any evidence demonstrating that the exis-

tence of this case was of more import than any of the other nine matters listed as aggravating factors, all of which, without consideration of the present matter, supported a finding of aggravating circumstances. Additionally, the trial court in *Sullivan* was careful to note that the reprimand initially issued in the present case had been reversed on procedural grounds; see *Burton v. Statewide Grievance Committee*, 60 Conn. App. 698, 699, 760 A.2d 1027 (2000); and that the matter was, at that time, pending a rehearing before the plaintiff and accordingly was not a basis for its decision. The trial court therefore properly determined that the present matter did not constitute duplicative discipline.

The judgment is affirmed.

In this opinion the other justices concurred.