******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ZBIGNIEW ROZBICKI *v.* EUGENE M.
GISSELBRECHT ET AL.
(AC 35744)

DiPentima, C. J., and Beach and Bishop, Js.

*Argued March 14—officially released September 16, 2014*

(Appeal from Superior Court, judicial district of
Litchfield, Roche, J. [summary judgment]; Danaher, J.
[motion for contempt, motion to disqualify].)

*Zbigniew S. Rozbicki*, self-represented, the appellant (plaintiff).

*Ruth Nadeau Dwyer*, with whom was J. *Michael Sconyers*, for the appellees (defendants).

*Opinion*

BEACH, J. The plaintiff, Zbigniew S. Rozbicki, the original executor of the estate of Kathleen M. Gisselbrecht, appeals from the judgment of the trial court granting the motion for contempt of the defendant, Eugene M. Gisselbrecht, individually and as the successor executor of the estate of Kathleen M. Gisselbrecht, his sister.[1] The plaintiff claims that the trial court erred in (1) ruling on a motion for contempt at a time when the court no longer had jurisdiction over the matter; (2) finding him in contempt for violating an interlocutory discovery order that had not been incorporated into the judgment file; and (3) denying a motion to recuse itself. We disagree, and affirm the judgment of the trial court.

The following facts and procedural history, as revealed by the record, are relevant to this appeal. In 2007, the plaintiff was the executor of the subject estate under the will of Kathleen M. Gisselbrecht. Because of certain conduct of the plaintiff, he was removed for cause from the position of executor in June, 2009. In March, 2010, the plaintiff brought this action against the defendant, individually and in his capacity as the successor executor. In his third revised complaint, the plaintiff claimed that the defendant breached his fiduciary duty as executor by depleting the assets of the estate, leaving insufficient funds to pay to the plaintiff his bequest under the will and his fiduciary fees. He also sought attorney's fees and costs. The defendant filed an answer and special defenses claiming that the plaintiff's action was barred by the statute of limitations, the doctrine of election of remedies, res judicata, collateral estoppel, and the statute of frauds.

In August, 2011, the defendant filed a motion for a protective order requesting that the court issue an order preventing the self-represented plaintiff from continuing his deposition of the defendant, which had begun on July 19, 2011. He argued that the plaintiff was emotionally involved in the matter, and was using the deposition process to harass the defendant. The court denied the motion, but added that the defendant could have the deposition videotaped at his own expense, and that the defendant could seek additional assistance from the court, including the cost of the videotaping or any other appropriate remedy, if the conduct complained of was apparent in the videotape of the next deposition. On December 5, 2011, the court, *Danaher, J.*, after viewing the videotape at the request of the parties, issued a decision regarding a motion for compliance filed by the defendant, and found that the plaintiff's continuation of the deposition of the defendant was conducted in a manner that served unreasonably to harass, embarrass, oppress, and annoy the defendant, and that there would be no further deposition of the defendant. On December 15, 2011, the defendant filed a motion

requesting the court to issue an order requiring the plaintiff to reimburse him $675.32 for costs associated with videotaping the plaintiff's deposition of the defendant. On January 3, 2012, the court granted the motion, ordering the plaintiff to pay the costs for videotaping the deposition in the amount of $675.32 within thirty days. On January 23, 2012, the plaintiff filed a motion to vacate the order, and the court denied the motion two days later.

Meanwhile, in August, 2011, the defendant had filed a motion for summary judgment on the ground that the plaintiff's claims were barred by the statute of limitations, res judicata, collateral estoppel, and the statute of frauds. On December 19, 2011, the court, *Roche, J.*, granted the motion for summary judgment. The plaintiff filed a motion to reargue or reconsider the judgment on January 9, 2012; the motion was denied on January 11, 2012. The plaintiff filed a motion for extension of time in which to appeal on January 23, 2012, which was granted.

On February 15, 2012, the plaintiff filed an appeal from the trial court's summary judgment. The plaintiff included as an issue in that appeal the January 3, 2012 order of payment. We dismissed the appeal on April 24, 2012. On October 10, 2012, our Supreme Court denied the plaintiff's petition for certification to appeal. *Rozbicki* v. *Gisselbrecht*, 307 Conn. 917, 54 A.3d 181 (2012).

On January 16, 2013, the defendant filed a proposed judgment file, which included the court's granting of his motion for summary judgment and the January 3, 2012 order to pay the cost of videotaping the deposition. On February 6, 2013, the court, *Trombley, J.*, determined that a judgment file was not necessary because a valid and binding order of Judge Danaher was issued on January 3, 2012, which "remains in effect ordering the plaintiff, an officer of this court, to pay to the defendant the sum of $675.32." The plaintiff filed an objection to that ruling, seeking its vacation, on February 27, 2013, which was overruled by the court on March 11, 2013.

On March 8, 2013, the defendant filed a motion for contempt, claiming that the plaintiff had not complied with the court's January 3, 2012 order to pay the videotaping fee of $675.32 within the allotted time, and sought as damages the $675.32 in costs plus $2500 in attorney's fees. On May 9, 2013, the plaintiff filed a motion to dismiss the defendant's motion for contempt, arguing that the court lacked personal and subject matter jurisdiction to rule on the motion for contempt after summary judgment was rendered, on December 19, 2011. The court denied the plaintiff's motion to dismiss, and on May 30, 2013, the court, *Danaher, J.*, issued a memorandum of decision regarding the defendant's motion for contempt, in which it found that the plaintiff was in wilful contempt of the court's clear and unambiguous

order to pay to the defendant $675.32 within thirty days. The court ordered the plaintiff to pay $675.32 to the defendant's counsel within two weeks.

On May 28, 2013, the day on which the motion for contempt was argued on the short calendar, the plaintiff filed a motion for disqualification of Judge Danaher, which was denied. This appeal followed.

I

We first address the plaintiff's claims regarding the jurisdiction of the trial court to act on various motions. Although the plaintiff divides his argument into two issues, the claims are somewhat related, in that all involve the timing of the various rulings regarding the costs of videotaping against the backdrop of the court's rulings on the merits of the case and the appeal process on the merits. We have considered all of the plaintiff's claims, but organize their discussion somewhat differently.

Our review of the jurisdictional issues is plenary. "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . " (Internal quotation marks omitted.) *Ferguson Mechanical Co.* v. *Dept. of Public Works*, 282 Conn. 764, 770–71, 924 A.2d 846 (2007).

A

The plaintiff claims that the trial court lacked jurisdiction to rule on the motion for contempt, which was filed approximately eleven months after the appeal on the merits of the summary judgment was dismissed. We agree that the trial court lacked jurisdiction to find the plaintiff in contempt unless the contempt order was an exercise of the trial court's inherent jurisdiction to enforce its orders. We assume, for the purpose of this subpart of the opinion, that the January 3, 2012 ruling of the court ordering the payment of the videotaping costs was valid, and that the court had the authority to make the order at the time it was made.[2]

The Superior Court has the inherent authority to enforce its orders. See *AvalonBay Communities, Inc.* v. *Plan & Zoning Commission*, 260 Conn. 232, 246, 796 A.2d 1164 (2002); see also *Bauer* v. *Bauer*, 308 Conn. 124, 130, 60 A.3d 950 (2013). "[E]ven in the absence of a finding of contempt, the trial court has broad discretion to make whole any party who has suffered as a result of another party's failure to comply with a court order." (Internal quotation marks omitted.) *AvalonBay Communities, Inc.* v. *Plan & Zoning Commission*, supra, 243.

Although ordinarily our trial courts lack jurisdiction to act in a case after the passage of four months from the date of judgment; see General Statutes § 52-212a; there are exceptions. One exception arises when the exercise of jurisdiction is necessary to effectuate prior judgments or otherwise enforceable orders. Our Supreme Court has explained the continuing jurisdiction exception to § 52-212a as follows: "We reject [a] hypertechnical understanding of the trial court's continuing jurisdiction to effectuate prior judgments. We conclude, instead, that the trial court's continuing jurisdiction is not separate from, but, rather, derives from, its equitable authority to vindicate judgments. . . . Moreover, we hold that such equitable authority . . . [derives] from its inherent powers." (Emphasis omitted; footnote omitted.) *AvalonBay Communities, Inc.* v. *Plan & Zoning Commission*, supra, 260 Conn. 243. "[T]he trial court's continuing jurisdiction to effectuate its prior judgments, either by summarily ordering compliance with a clear judgment or by interpreting an ambiguous judgment and entering orders to effectuate the judgment as interpreted, is grounded in its inherent powers, and is not limited to cases wherein the noncompliant party is in contempt, family cases, cases involving injunctions, or cases wherein the parties have agreed to continuing jurisdiction." Id., 246 (continuing jurisdiction existed in case where trial court ordered planning and zoning commission to impose only reasonable and necessary conditions on approval of applicant's affordable housing application); see also *Papa* v. *New Haven Federation of Teachers*, 186 Conn. 725, 737, 444 A.2d 196 (1982) (recognizing "the inherent power of the court to coerce compliance with its orders"); *Wells Fargo Bank, N.A.* v. *Melahn*, 148 Conn. App. 1, 85 A.3d 1 (2014) (continuing jurisdiction existed where as part of judgment of strict foreclosure bank was required to send notice to nonappearing defendants before filing certificate of foreclosure and bank falsely certificated to court that notice requirement had been satisfied). "In a contempt proceeding, even in the absence of a finding of contempt, a trial court has broad discretion to make whole a party who has suffered as a result of another party's failure to comply with the court order." (Emphasis omitted; internal quotation marks omitted.) *Clement* v. *Clement*, 34 Conn. App. 641, 647, 643 A.2d 874 (1994).

The trial court in the present case had ordered the plaintiff to pay videotaping costs to the defendant. The plaintiff had never complied with the order. The passage of time itself did not serve to deprive the court of jurisdiction to enforce its order.

The plaintiff, however, has raised several related challenges to the court's exercise of jurisdiction; these may be addressed more summarily. One is that the court lost jurisdiction by virtue of General Statutes § 51-183b,

which provides in relevant part that "[a]ny judge of the Superior Court . . . who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than *one hundred and twenty days from the completion date of the trial* of such civil cause. . . ." (Emphasis added.) The court heard the motion on May 28, 2013, and granted it on May 30, 2013, two days later. The primary purpose of § 51-183b is to compel timely completion of matters in the trial court; see, e.g., *Building Supply Corp.* v. *Lawrence Brunoli, Inc.*, 40 Conn. App. 89. 96–97, 669 A.2d 620, cert. denied, 236 Conn. 929, 674 A.2d 1326 (1996); and the trial court in the present case could hardly have acted more efficiently. The effort to peg the starting point of the 120 day period to the judgment on the merits, or perhaps to the argument on the motion for summary judgment, is entirely inconsistent with the concept of continuing jurisdiction to enforce judgments and orders.

An additional argument raised by the plaintiff is that the court's order to pay the costs of videotaping was not specifically included in the judgment file, and, therefore, was not part of the judgment that the court had continuing jurisdiction to enforce. This contention fails for at least two reasons: the judgment file is ministerial; see, e.g., *Wesley* v. *Schaller Subaru, Inc.*, 277 Conn. 526, 529 n.1, 893 A.2d 389 (2006); and the contempt order related to an independent order of the court, issued shortly after judgment, in any event.

B

Part I A of this opinion is predicated on the assumption that the January 3, 2012 order was issued within the jurisdiction of the trial court. The plaintiff claims that the court did not have jurisdiction to issue the order. He contends that the order was an interlocutory discovery order, which ordinarily would be subsumed in the judgment, rather than an independent judicial order, and that it was issued after judgment was rendered on the merits, so that it was not properly subsumed in the judgment in any event. In the unusual circumstances of this case, we disagree.

The timing in this case was complicated by the parallel short calendar scheduling of the motions regarding payment for discovery costs and the motion for summary judgment. Significantly, the motions regarding the order of the payment of the videotaping costs no longer directly concerned the preparation of evidence for trial, but, rather, involved the payment of costs. Ordinarily, orders regarding what may be discoverable, the scheduling of discovery, and related matters do conclude with the judgment, and ordinarily such orders are not immediately appealable, but, rather, may be raised as issues on appeal.[3] The order for payment, however, was not an order directing the progress of discovery toward trial, but, rather, was an independent order to effectuate

the authority of the court. In the unusual circumstances of this case, the order properly served as the predicate for the order of contempt.[4]

The facts of this case are analogous to those of *CFM of Connecticut, Inc.* v. *Chowdhury*, 239 Conn. 375, 400–404, 685 A.2d 1108 (1996), overruled in part on other grounds by *State* v. *Salmon*, 250 Conn. 147, 154–55, 735 A.2d 333 (1999). There, the plaintiff's attorney was ordered to pay $10,000 to the defendant as sanctions for bad faith behavior. Our Supreme Court held that the sanction was a final judgment for the purpose of appeal because the order was not dependent on further proceedings and the amount would be owed irrespective of the eventual outcome of the case; the rights affected were solely between the attorney and the defendant.[5] See also *Bryant* v. *Bryant*, 228 Conn. 630, 636, 637 A.2d 1111 (1994).

The second subsidiary issue is whether, in the circumstances of this case, the court had the authority to rule on the defendant's motion for order after its granting of the defendant's motion for summary judgment. At the time the court granted the motion for summary judgment on December 19, 2011, the defendant's motion for order, which had been filed on December 15, 2011, was pending. Less than two weeks after granting the motion for summary judgment on December 19, 2011, the court ruled on the defendant's pending motion for order on January 3, 2012.

At the time of the court's January 3, 2012 ruling on the motion for order, the trial court was fully engaged in managing the case, and no appeal had yet been filed. As noted previously, motions for reargument of trial court rulings and decisions were pending. On January 23, 2012, the plaintiff filed a motion for an extension of time to file an appeal on the ground that the trial court had yet to rule "on discovery motions which shall be included in the issues on appeal." The motion was granted, and the plaintiff included on appeal issues regarding the court's ruling on the motion for order of payment.

Ordinarily, the trial court has jurisdiction to entertain motions until the expiration of four months from the date of judgment. *Kim* v. *Magnotta*, 249 Conn. 94, 107, 733 A.2d 80 (1999); see also *Rocque* v. *Light Sources, Inc.*, 275 Conn. 420, 432–33, 881 A.2d 230 (2005). Especially in light of the practical circumstances in this case, we see no reason why the court did not have the authority to rule on outstanding motions. The order that formed the predicate for the contempt order, then, was properly granted by the trial court.

## II

The plaintiff claims that the court, *Danaher, J.*, improperly denied his motion for judicial disqualification on the ground of bias. We disagree.

"In reviewing a claim of judicial bias, this court employs a plain error standard of review. . . . The standard to be employed is an objective one, not the judge's subjective view as to whether he or she can be fair and impartial in hearing the case. . . . Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned is a basis for the judge's disqualification." (Citation omitted; internal quotation marks omitted.) *Statewide Grievance Committee* v. *Burton*, 299 Conn. 405, 416, 10 A.3d 507 (2011); see also Code of Judicial Conduct, Rule 2.11 (a).

The plaintiff claims that the court improperly denied his May 28, 2013 motion for judicial disqualification. He essentially argues that the court improperly failed to refer the motion to another judge and improperly denied the motion when the court exhibited bias toward him, as evidenced by the court's adverse rulings. He also claims that the court called him "a liar." We disagree.

A hearing before another judge was not required in this case. In order to require an evidentiary hearing before another judge on a motion for disqualification, the party asserting bias of the trial judge must "state facts on the record which, if true, give fair support to his claim. If those facts, taken as true, give that fair support, the party is entitled to an evidentiary hearing on those facts before another judge." *Szypula* v. *Szypula*, 2 Conn. App. 650, 656, 482 A.2d 85 (1984). The facts alleged in this case, however, do not give fair support to the claim of judicial bias.

The plaintiff's claim of judicial bias was based essentially on claims that Judge Danaher had exhibited bias by issuing rulings adverse to him. "It is axiomatic, however, that an adverse or unfavorable ruling is not, in itself, evidence of judicial bias against a litigant." *Traystman* v. *Traystman*, 141 Conn. App. 789, 803, 62 A.3d 1149 (2013). The plaintiff also asserts that the court exhibited bias by calling him a liar "in a deposition controversy in a companion case." There is nothing in the record before us showing that Judge Danaher called the plaintiff a liar. In his appellate brief, the plaintiff has cited transcript excerpts in which Judge Danaher stated that he believed that a claim made by the plaintiff, to the effect that the court had not read a document prepared by the plaintiff, was false. Characterizing a claim as false is different from calling someone a liar. We have thoroughly reviewed the materials presented and conclude that, although relations may have been strained; compare *Traystman* v. *Traystman*, supra, 803; Judge Danaher did not act improperly in denying the plaintiff's motion for judicial disqualification.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We refer to Eugene M. Gisselbrecht in both capacities as the defendant.

[2] The issue whether the court had the jurisdiction to make the order on January 3, 2012, will be discussed in the following subpart of this opinion.

[3] The plaintiff correctly asserts that most discovery orders are interlocutory and not immediately appealable. The issuance of a contempt order may alter the situation. See *Green Rock Ridge, Inc.* v. *Kobernat*, 250 Conn. 488, 498, 736 A.2d 851 (1999). Here, we are not directly concerned with the question of whether the order for payment was independently *appealable*, because the *appeal* has been taken from the subsequent order of contempt.

[4] The analysis is complicated by the fact that the self-represented party was also an attorney. Ordinarily, findings of contempt where nonparties are involved are reviewed by means of writs of error.

[5] Similar to the present case, the sanctions order was deemed to be equivalent to a judgment, and the case was remanded to the trial court for further proceedings on a contempt action. *CFM of Connecticut, Inc.* v. *Chowdhury*, supra, 239 Conn. 404.