******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JOHN W. MILLS *v.* STATEWIDE GRIEVANCE COMMITTEE
## (AC 46607)

Seeley, Westbrook and Sheldon, Js.

*Syllabus*

The plaintiff attorney appealed from the judgment of the trial court dismissing his appeal from the decision of the defendant Statewide Grievance Committee, which found that he had violated the Rules of Professional Conduct by filing a motion that contained statements about the integrity of the judiciary with reckless disregard as to their truth or falsity. The plaintiff claimed, inter alia, that the court improperly dismissed his appeal because the record did not provide clear and convincing evidence that his statements violated rule 8.2 (a) of the Rules of Professional Conduct. *Held*:

The trial court properly dismissed the plaintiff's appeal because the grievance committee's determination that the plaintiff had violated rule 8.2 (a) of the Rules of Professional Conduct was not contrary to applicable law, as its reviewing committee applied the correct legal standard in considering whether the plaintiff had an objective, reasonable belief that his statements were true.

The trial court's dismissal of the plaintiff's appeal was not improper because sufficient evidence existed to support the grievance committee's decision that the plaintiff had violated rule 8.2 (a) of the Rules of Professional Conduct, as his statements, in attacking the judges' competence and alleged faithfulness to the law, attacked the integrity of the Probate Court and the Superior Court, and the plaintiff failed to provide proof of an objective and reasonable basis for his statements.

The trial court did not err by failing to conclude that a reprimand was not an appropriate sanction because the court was not required to make specific findings regarding aggravating and mitigating factors under the American Bar Association's Standards for Imposing Lawyer Sanctions, there was no indication that the court did not take those standards into account in reaching its decision, and the grievance committee did not abuse its discretion in issuing the reprimand because it properly found that the plaintiff had violated rule 8.2 (a) of the Rules of Professional Conduct.

Argued September 6—officially released October 29, 2024

*Procedural History*

Appeal from the decision of the defendant finding that the plaintiff's conduct violated the Rules of Professional

Conduct and issuing a reprimand, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Cobb, J.*; judgment dismissing the appeal, from which the plaintiff appealed to this court. *Affirmed.*

*Suzanne B. Sutton*, for the appellant (plaintiff).

*Brian B. Staines*, chief disciplinary counsel, for the appellee (defendant).

*Opinion*

WESTBROOK, J. The plaintiff attorney, John W. Mills, appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant, the Statewide Grievance Committee (committee). The committee reprimanded the plaintiff after finding that he had filed a motion containing statements that violated rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct.[1] The plaintiff claims on appeal that the court improperly dismissed his appeal because (1) the reviewing committee of the Statewide Grievance Committee (reviewing committee) applied the wrong test for determining whether he made statements knowing them to be false or with reckless disregard as to their truth or falsity, (2) the record does not provide clear and convincing evidence that his statements violated rule 8.2 (a), and (3) the committee abused its discretion by reprimanding the plaintiff. We disagree and affirm the judgment of the court.

The following procedural history and facts, as found by the reviewing committee, are relevant to this appeal.

---

[1] Rule 8.2 (a) of the Rules of Professional Conduct provides: "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office."

Rule 8.4 of the Rules of Professional Conduct provides in relevant part: "It is professional misconduct for a lawyer to . . . (4) Engage in conduct that is prejudicial to the administration of justice . . . ."

The litigation giving rise to this matter began in 2012, when a decedent's estate retained Attorney Douglas Mahoney to pursue a wrongful death claim on the estate's behalf. In March, 2014, the estate terminated Mahoney's legal representation and retained the plaintiff instead. In April, 2014, the estate reached a $50,000 settlement agreement with Progressive Insurance Company (Progressive) and that amount was deposited into Mahoney's IOLTA account.[2] The plaintiff thereafter filed an action on behalf of the estate against its decedent's underinsured motorist insurer, Liberty Mutual Insurance Company (Liberty Mutual). The estate subsequently reached a settlement with Liberty Mutual in the amount of $200,000, of which the estate owed a contingent fee of $66,666.66 to pay for its attorney's fees.

Mahoney requested hearings before the Probate Court to determine how the attorney's fees in connection with the Progressive and Liberty Mutual settlements should be split between himself and the plaintiff, and the court ordered a hearing regarding whether and how the fee for the Liberty Mutual settlement should be split. The plaintiff appealed the order scheduling a hearing on this issue to the Superior Court, but the Probate Court proceeded with the scheduled hearing while the appeal was pending. Following the hearing, which the plaintiff did not attend, the Probate Court ordered him to pay Mahoney $40,000 of the $66,666.66 in attorney's fees he had received and was holding for the estate as part of the Liberty Mutual settlement proceeds. The Superior Court dismissed the plaintiff's original appeal from the Probate Court's order scheduling a fee splitting hearing because the challenged hearing already had taken place.

---

[2] "IOLTA stands for interest on lawyers' trust accounts." (Internal quotation marks omitted.) *Office of Chief Disciplinary Counsel* v. *Miller*, 335 Conn. 474, 476 n.1, 239 A.3d 288 (2020).

The plaintiff subsequently filed a new appeal with the Superior Court challenging the Probate Court's order to pay Mahoney $40,000 of the $66,666.66 in attorney's fees he had received and was holding as part of the Liberty Mutual settlement proceeds. He also filed a motion to stay the challenged payment order, which the court, *Frechette, J.*, denied. The plaintiff next filed a motion seeking to dismiss Mahoney's claim for a split fee in the Liberty Mutual case, arguing that the Probate Court lacked subject matter jurisdiction over that dispute, but the court denied that motion as well. Mahoney thereafter filed a motion to disqualify the plaintiff as counsel in their dispute concerning attorney's fees for the Liberty Mutual settlement, arguing that the plaintiff would be a necessary witness in any de novo hearing on that matter. The court granted the motion to disqualify. The plaintiff subsequently filed a motion for order to have a different judge assigned to hear and decide all pending motions concerning the Liberty Mutual settlement attorney's fees dispute, which the court denied. On January 20, 2017, the court held a trial de novo on the Liberty Mutual settlement attorney's fees dispute. Following the trial, the court, *Richards, J.*, awarded Mahoney $40,000 of the $66,666.66 in attorney's fees that the plaintiff was holding as part of the Liberty Mutual settlement proceeds. On February 21, 2018, Mahoney moved the court, *Ozalis, J.*, to issue an order requiring the plaintiff to show cause why the court should not hold him in contempt for failing to comply with the order to pay Mahoney $40,000 from the attorney's fees he had received from the Liberty Mutual settlement proceeds.

Before Mahoney's contempt motion was resolved, the plaintiff filed an interpleader action in the Superior Court with respect to the monies he had been ordered to pay to Mahoney. The court, *Bellis, J.*, held settlement conferences with the parties that ultimately resolved

the dispute, and the plaintiff filed a motion for an order requesting that the funds be disbursed in accordance with the prior court decision awarding Mahoney $40,000 of the plaintiff's contingent fee. In his motion for an order, the plaintiff stated: "While the undersigned genuinely appreciates the sincere efforts of this court to bring this matter to a close after years of litigation, the plaintiff is nevertheless completely disillusioned and disappointed with the prior judges who have 'heard' this case, and their unwillingness to make any meaningful effort to analyze the facts and the law. Decision after decision was not only legally incorrect, but devoid of *any* meaningful jurisprudence. The plaintiff has opted to resolve this case solely because it has become apparent that, in this instance, for whatever reason, justice is not possible. In thirty years of practice, I have never seen anything like this, where the rules and the law are simply and totally disregarded." (Emphasis in original.) After receiving this motion, the court, *Bellis, J.*, referred the plaintiff to the committee for investigation.

On February 15, 2021, the New Haven Judicial District Grievance Panel found probable cause that the plaintiff's statements in his motion for order violated rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct. The reviewing committee subsequently conducted a hearing on the matter. In its May 20, 2022 decision, the reviewing committee found the following facts by clear and convincing evidence: "[N]one of the decisions or motions the [plaintiff] took issue with were overturned on any appeal. The [plaintiff], in making the representations that he did, made false statements concerning the integrity of the judiciary." Moreover, "[t]he [plaintiff's] motion for order contained superfluous information that provided no added benefit or additional information to the court in guiding its decision on whether or not the motion for order should be granted. . . . While the [plaintiff] may not have named any specific judges

in the matter, it was clear that the [plaintiff] intended to attack the judiciary without a basis to do so." The reviewing committee therefore concluded that the plaintiff violated rules 8.2 (a) and 8.4 (4) by making statements about the integrity of the judiciary with reckless disregard as to their truth or falsity. The reviewing committee reprimanded the plaintiff for these violations.

Pursuant to Practice Book § 2-35 (k),[3] the plaintiff requested review of the reviewing committee's decision. The committee thereafter issued a decision affirming the decision of the reviewing committee, from which the plaintiff, pursuant to Practice Book § 2-38,[4] appealed to the Superior Court. In its April 27, 2023 memorandum of decision, the court, *Cobb, J.*, found that clear and convincing evidence supported the reviewing committee's findings and conclusion that the plaintiff had violated rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct. The court additionally found that the plaintiff had not sustained his burden of providing objective and reasonable proof in support of his statements about the judges. The court therefore dismissed the plaintiff's appeal. This appeal followed.

I

The plaintiff first claims that the trial court improperly dismissed his appeal because the committee's decision that he violated rule 8.2 (a) of the Rules of Professional Conduct is contrary to applicable law. The plaintiff argues that the reviewing committee should

[3] Practice Book § 2-35 (k) provides in relevant part that, "[w]ithin thirty days of the issuance to the parties of the final decision by the reviewing committee, the respondent may submit to the Statewide Grievance Committee a request for review of the decision. . . ."

[4] Practice Book § 2-38 (a) provides in relevant part that "[a] respondent may appeal to the Superior Court a decision by the Statewide Grievance Committee or a reviewing committee imposing sanctions or conditions against the respondent . . . ."

have applied a subjective, rather than an objective, test to determine whether he made the relevant statements knowing them to be false or with reckless disregard as to their truth or falsity. We disagree.

The issue before us is whether the reviewing committee applied the proper legal standard to the plaintiff's statements. "Because this presents a question of law, our review is plenary." *Burton* v. *Mottolese*, 267 Conn. 1, 25, 835 A.2d 998 (2003), cert. denied, 541 U.S. 1073, 124 S. Ct. 2422, 158 L. Ed. 2d 983 (2004).

Rule 8.2 (a) of the Rules of Professional Conduct provides in relevant part that "[a] lawyer shall not make a statement that the lawyer *knows to be false or with reckless disregard as to its truth or falsity* concerning the qualifications or integrity of a judge . . . ." (Emphasis added.) Our Supreme Court "has adopted an objective test for attorney speech pursuant to which an attorney speaking critically of a judge or a court must have an objective basis for the statements. . . . [W]holly conclusory allegations of judicial misconduct, without objective factual support, justify the imposition of attorney discipline." (Citation omitted; internal quotation marks omitted.) *Statewide Grievance Committee* v. *Burton*, 299 Conn. 405, 413, 10 A.3d 507 (2011); see also *Notopoulos* v. *Statewide Grievance Committee*, 277 Conn. 218, 227–28, 890 A.2d 509, cert. denied, 549 U.S. 823, 127 S. Ct. 157, 166 L. Ed. 2d 39 (2006); *Burton* v. *Mottolese*, supra, 267 Conn. 49.

Our Supreme Court has noted that other states take different approaches in cases concerning alleged violations of rule 8.2 (a) of the Rules of Professional Conduct. In *Notopoulos* v. *Statewide Grievance Committee*, supra, 277 Conn. 234 n.14, it stated: "[S]everal courts have held that attorneys should be held to a higher standard when leveling criticism that may adversely affect the administration of justice. [*Matter of Westfall*,

808 S.W.2d 829, 837 (Mo.), cert. denied, 502 U.S. 1009, 112 S. Ct. 648, 116 L. Ed. 2d 665 (1991)]. Other courts have employed the criminal defamation standard set forth in [*Garrison* v. *Louisiana*, 379 U.S. 64, 78, 85 S. Ct. 209, 13 L. Ed. 2d 125 (1964)], which was based on the seminal case of *New York Times Co.* v. *Sullivan*, 376 U.S. 254, 280, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964) . . . ." (Internal quotation marks omitted.) Our Supreme Court has not, however, adopted either of these approaches and has consistently applied an objective test. Thus, the proper standard for determining whether a lawyer knowingly or recklessly made a false statement under rule 8.2 (a) is whether evidence shows that the lawyer had an objective, reasonable belief that the statement was true.

In the present case, the reviewing committee, in its memorandum of decision, considered whether the plaintiff had "an objective, reasonable belief that the assertions were true," and it concluded that he "intended to attack the judiciary *without a basis to do so*." (Emphasis added; internal quotation marks omitted.) The trial court, in reviewing the committee's decision, also found that the plaintiff "did not sustain his burden of persuasion to provide objective and reasonable proof to support his statements about the judges." The reviewing committee applied the proper objective test, and, therefore, the committee's decision is not contrary to applicable law.

## II

The plaintiff next claims that the trial court improperly dismissed his appeal because the committee's finding that he violated rule 8.2 (a) of the Rules of Professional Conduct is not supported by clear and convincing evidence.[5] He argues that (1) the committee failed to

---

[5] At the hearing before the court, the plaintiff conceded that his conduct violated rule 8.4 (4) of the Rules of Professional Conduct to the extent that his statements were "prejudicial to the administration of . . . justice . . . ."

meet its burden of proving misconduct, and (2) he had an objective, reasonable belief that his statements were true. We conclude that sufficient evidence exists to support the committee's decision. We therefore reject the plaintiff's claim.

The reviewing committee's conclusion that the plaintiff made statements with reckless disregard as to their truth or falsity is a factual finding. See *Cohen* v. *Statewide Grievance Committee*, 339 Conn. 503, 520, 261 A.3d 722 (2021) ("[t]he reviewing committee's conclusion that the plaintiff made a 'knowingly false statement' is a factual finding"). "Factual findings of the reviewing committee are reviewed under the clearly erroneous standard." Id. "Although the [committee] is not an administrative agency . . . the court's review of its conclusions is similar to the review afforded to an administrative agency decision." (Citation omitted.) *Weiss* v. *Statewide Grievance Committee*, 227 Conn. 802, 811, 633 A.2d 282 (1993). "The burden is on the [committee] to establish the occurrence of an ethics violation by clear and convincing proof." (Internal quotation marks omitted.) *Somers* v. *Statewide Grievance Committee*, 245 Conn. 277, 290, 715 A.2d 712 (1998).

"Upon appeal, the court shall not substitute its judgment for that of the [committee] or reviewing committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the [plaintiff] have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) in violation of constitutional provisions, rules of practice or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion

or clearly unwarranted exercise of discretion." Practice Book § 2-38 (f). Stated succinctly, in reviewing a decision of the committee to sanction the plaintiff, "our role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct." (Internal quotation marks omitted.) *Somers* v. *Statewide Grievance Committee*, supra, 245 Conn. 290.

As stated in part I of this opinion, rule 8.2 (a) of the Rules of Professional Conduct provides in relevant part that "[a] lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge . . . ." The commentary to this rule explains that "[a]ssessments by lawyers are relied on in evaluating the professional or personal fitness of persons being considered for . . . appointment to judicial office and to public legal offices, such as attorney general, prosecuting attorney and public defender. Expressing honest and candid opinions on such matters contributes to improving the administration of justice. Conversely, false statements by a lawyer can unfairly undermine public confidence in the administration of justice." Rules of Professional Conduct 8.2, commentary.

Our Supreme Court has articulated a two-pronged test for determining whether an attorney has violated rule 8.2 (a) of the Rules of Professional Conduct. See *Statewide Grievance Committee* v. *Burton*, supra, 299 Conn. 412–13. "[I]n cases in which an attorney is subject to sanctions for violating rule 8.2 (a), the [committee] must first present evidence of misconduct sufficient to satisfy its burden of proving its case by clear and convincing evidence. . . . If the [committee] sustains its burden, then the burden of persuasion shifts to the

[attorney] to provide proof of an objective and reasonable basis for the allegations." (Citation omitted.) Id. If the attorney presents "no evidence establishing a factual basis for [his or] her claims . . . the fact finder reasonably may conclude that the attorney's claims against the court were either knowingly false or made with reckless disregard as to [their] truth or falsity. . . . [U]nsupported allegations . . . do not give rise to an objective, reasonable belief that the assertions were true." (Citations omitted; internal quotation marks omitted.) *Notopoulos* v. *Statewide Grievance Committee*, supra, 277 Conn. 227–28.

Here, under the first prong, the record contains clear and convincing evidence to support the committee's finding that the plaintiff violated rule 8.2 (a) of the Rules of Professional Conduct. The plaintiff wrote, signed, and filed with the court a motion for order stating that the judges who determined the fee split had an "unwillingness to make any meaningful effort to analyze the facts and the law," that they "simply and totally disregarded" the law, and that "[d]ecision after decision was not only legally incorrect, but devoid of *any* meaningful jurisprudence," with the result that "justice is not possible" in this case. (Emphasis in original.) Although the plaintiff did not specifically name any judges, his statements clearly attack the judges' competence and alleged faithfulness to the law, thereby attacking the integrity of the Probate Court and the Superior Court. Furthermore, the record shows, as the reviewing committee found, that none of the decisions or motions that the plaintiff took issue with was overturned on appeal. Had the Probate Court and the Superior Court truly failed to analyze the facts and the law, as the plaintiff contends, he could and should have pursued and provided grounds for such a claim on appeal. The plaintiff never appealed. Accordingly, on the basis of our review of the record, the committee met its burden of proving by

clear and convincing evidence that the plaintiff made false statements concerning the integrity of the judiciary.

Under the second prong of the test, on which the burden of proof is shifted to the plaintiff, the record does not provide any proof of an objective and reasonable basis for the plaintiff's allegations. The plaintiff had opportunities to prove the truth of those allegations at the hearing before the reviewing committee and on appeal to the trial court, but he failed to establish a factual basis for such allegations in either forum. He testified before the reviewing committee that he had made the allegations because "he was frustrated and upset with the entirety of the case and how the fee split had been resolved. . . . Overall, the [plaintiff] felt as if he did not have due process in the matter as to the split of the legal fees . . . ." The plaintiff's own frustration and opinions on the matter do not constitute an objective and reasonable basis for his allegations that the judges were incompetent.

In reviewing the committee's decision, the court asked the plaintiff to look "at the paragraph that's at issue that he wrote in his motion for order, to go line by line, and then [the plaintiff] tell [the court] what proof he has for that particular statement . . . ." The plaintiff failed to provide proof for any statement beyond conclusory claims that the decisions of the Probate Court and the Superior Court were legally incorrect. Following the hearing, the court found that the plaintiff's allegations were "unsupported by anything but his own opinions." On the basis of this review of the record, we agree with the committee that the plaintiff did not meet his burden of persuasion.

The plaintiff argues on appeal that his statements were true because the courts committed legal error,

including, inter alia, that the Probate Court lacked personal jurisdiction over the plaintiff, the trial court improperly relied on the Probate Court's order, and the trial court improperly disqualified the plaintiff. We do not need to decide whether these allegations are correct because, even if the plaintiff genuinely believed that the Probate Court and the Superior Court misapplied the law or issued incorrect decisions, he should have raised those issues directly rather than disparaging the courts in a later motion for order. "Adverse rulings in court proceedings, and even incorrect rulings, do not in and of themselves amount to evidence of illegal or unethical behavior on the part of a judge. . . . If the plaintiff was dissatisfied with [judges'] conduct or rulings, he had available to him other more appropriate vehicles for complaint." (Citation omitted.) *Notopoulos* v. *Statewide Grievance Committee*, supra, 277 Conn. 230; see also *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 192 Conn. 1, 8, 469 A.2d 778 (1984) ("[t]he fact that a trial court has ruled adversely to the [plaintiff], even if some of those rulings have been determined on appeal to be erroneous, does not demonstrate personal bias"); *Office of Chief Disciplinary Counsel* v. *Vaccaro*, 226 Conn. App. 75, 89, 317 A.3d 785 (2024) (plaintiff should have challenged committee's findings via direct appeal rather than attempting to litigate same issue in subsequent proceeding).

The plaintiff also asserts that he needed to include the challenged statements in his motion for order to explain his reason for settling and to protect himself from additional grievances or continued litigation over the fee split. The standard, however, is whether the plaintiff had an objective, reasonable belief that his statements were true. His motivation to avoid further conflict with Mahoney has no bearing on whether his statements about the competency of the judges were true.

Clear and convincing evidence supports the committee's finding that the plaintiff made statements attacking the integrity of the judges of the Probate Court and the Superior Court. Because the committee met its burden, the burden of persuasion shifted to the plaintiff to provide proof of an objective and reasonable basis for his statements. The plaintiff, however, has not met his burden of showing an objective, reasonable basis for believing that the challenged statements were true, and, therefore, the committee properly concluded that the plaintiff's claims against the court were made with reckless disregard as to their truth or falsity. Accordingly, we conclude that the committee properly found by clear and convincing evidence that the plaintiff violated rule 8.2 (a) of the Rules of Professional Conduct.

## III

Lastly, the plaintiff claims that the committee abused its discretion when it reprimanded him for violating rules 8.2 (a) and 8.4 (4) of the Rules of Professional Conduct. He argues that the trial court (1) should have made specific findings regarding aggravating and mitigating factors under the American Bar Association's Standards for Imposing Lawyer Sanctions (ABA standards), and (2) should have concluded that a reprimand is not an appropriate sanction. We disagree.

"[T]he trial court possesses inherent judicial power, derived from judicial responsibility for the administration of justice, to exercise sound discretion to determine what sanction to impose in light of the entire record before it. . . . It is well established that in sanctioning an attorney for violations of the Rules of Professional Conduct, courts are, as they should be, left free to act as may in each case seem best in this matter of most important concern to them and to the administration of justice. . . . Whether this court would have imposed a different sanction is not relevant. Rather,

we must determine whether the trial court abused its discretion in determining the nature of the sanction. . . . We may reverse the court's decision [in sanctioning an attorney] only if that decision was unreasonable, unconscionable or arbitrary, and was made without proper consideration of the facts and law pertaining to the matter submitted." (Internal quotation marks omitted.) *Office of Chief Disciplinary Counsel* v. *Vaccaro*, supra, 226 Conn. App. 90; see also *Disciplinary Counsel* v. *Serafinowicz*, 160 Conn. App. 92, 98–99, 123 A.3d 1279, cert. denied, 319 Conn. 953, 125 A.3d 531 (2015).

Here, the plaintiff argues that the trial court should have applied ABA standards 3.0, 9.22, and 9.32 and made findings as to certain aggravating and mitigating factors.[6] "Although the ABA [s]tandards are frequently

---

[6] Standard 3.0 provides that, "[i]n imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors: (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." A.B.A., Compendium of Professional Responsibility: Rules and Standards (2017 Ed.), p. 455, standard 3.0.

Standard 9.22 sets forth the following aggravating factors: "(a) prior disciplinary offenses; (b) dishonest or selfish motive; (c) a pattern of misconduct; (d) multiple offenses; (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency; (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process; (g) refusal to acknowledge wrongful nature of conduct; (h) vulnerability of victim; (i) substantial experience in the practice of law; (j) indifference to making restitution; (k) illegal conduct, including that involving the use of controlled substances." Id., p. 463, standard 9.22.

Standard 9.32 sets forth the following mitigating factors: "(a) absence of a prior disciplinary record; (b) absence of a dishonest or selfish motive; (c) personal or emotional problems; (d) timely good faith effort to make restitution or to rectify consequences of misconduct; (e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings; (f) inexperience in the practice of law; (g) character or reputation; (h) physical disability; (i) mental disability or chemical dependency including alcoholism or drug abuse . . . (j) delay in disciplinary proceedings; (k) imposition of other penalties or sanctions; (*l*) remorse; (m) remoteness of prior offenses." Id., p. 464, standard 9.32.

used as a guide for courts in determining appropriate discipline, [t]he [s]tandards, originally promulgated in 1986, have not formally been adopted by the judges of this state. . . . Accordingly, although a court *should* consider . . . the existence of aggravating or mitigating factors . . . there is no express requirement that it do so. Further, even when a court is provided with relevant mitigating evidence, it is free to reject that evidence." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Office of Chief Disciplinary Counsel* v. *Vaccaro*, supra, 226 Conn. App. 93. The court, therefore, was not required to consider the ABA standards in dismissing the plaintiff's appeal from the committee's decision to reprimand him. Moreover, there is no indication that the court did *not* take the ABA standards into account in reaching its decision. "The court was free to credit or reject this [evidence] as well as to exercise its discretion in considering evidence that might be irrelevant or cumulative. . . . Further, there is no requirement that the court set forth its express consideration of [specific] evidence in its memorandum of decision . . . ." (Citations omitted; internal quotation marks omitted.) Id., 96. Thus, the court may have considered the ABA standards without making express findings under any such factor.

The plaintiff also argues that a reprimand is not appropriate because, although he concedes that he violated rule 8.4 (4) of the Rules of Professional Conduct, he maintains that he did not violate rule 8.2 (a) and, therefore, he should not be reprimanded. As discussed in part II of this opinion, however, the committee properly found that the plaintiff violated rule 8.2 (a). The plaintiff points to no other reason why a reprimand is not a proper sanction for these violations. Thus, the committee did not abuse its discretion by issuing a

reprimand as a sanction to the plaintiff, and the trial court properly dismissed the appeal.

The judgment is affirmed.

In this opinion the other judges concurred.